JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CEAL HOWARD,

    Plaintiff,

v.

COUNTY OF LOS ANGELES, et al.,

    Defendants.

Case No. CV 14-8832 JFW (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court vacates the reference of this action to the Magistrate Judge and dismisses the action for failure to prosecute.

\* \* \*

    This is a pro se civil rights action. Plaintiff formerly was an inmate at the Men's Central Jail in Los Angeles. Plaintiff contends that one of the guards at the jail threw away Plaintiff's dentures. The Court dismissed a previous iteration of this action (Howard v. County, CV 13-7081 JSL (MRW) (C.D. Cal.)) without prejudice because Plaintiff was unable to identify any individual tortfeasor who

threw out Plaintiff's dentures. When Plaintiff re-filed the action, he was able to identify one person – "Deputy Johnson" – in the complaint as the culpable party.

Magistrate Judge Wilner screened the complaint pursuant to the Prison Litigation Reform Act [28 U.S.C. § 1915A]. Judge Wilner authorized Plaintiff to proceed in forma pauperis and directed the Marshals Service to serve Deputy Johnson with the complaint. (Docket # 6.) However, Judge Wilner informed Plaintiff that he might be required to provide additional information to effect proper service under the Federal Rule of Civil Procedure. Judge Wilner also informed Plaintiff that failure to provide that information could be the basis for dismissal of the action. (Id. at 1-2.) The magistrate judge concluded that Plaintiff had not properly pled a cause of action against the County or any of the individual supervisors or dentists that Plaintiff purported to name as defendants. (Id. at 2-3.)

The Marshals Service was unable to serve the complaint on Deputy Johnson. The civil litigation unit at the Sheriff's Department stated that more information – first name or badge number – was needed to identify the correct defendant with the agency. (Docket # 9.)

In early February 2015, the magistrate judge issued an order requiring Plaintiff to provide additional information regarding service. (Docket # 11.) Judge Wilner noted that the mere identification of the defendant as "Deputy Johnson" was "functionally akin to simply naming a Doe defendant. If a litigant is unable to uncover the identity of a Doe defendant, dismissal of the action may be required. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)." (Id.) The magistrate judge further advised Plaintiff that the action was subject to dismissal for failure to prosecute under Rule 41 if Plaintiff did not provide further information. Plaintiff did not provide information by the deadline set forth in the Court's order.

1    In March 2015, Judge Wilner issued a second order requiring Plaintiff (a) to
2  explain why he ignored the Court's February order and (b) to provide the requested
3  service information.  (Docket # 12.)  That order stated that "[f]ailure to file a
4  timely response will lead to the dismissal of the lawsuit."
5    To date, Plaintiff has not responded to the Court's March order or provided
6  any additional service information.

* * *

8    Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with
9  these rules or a court order, a defendant may move to dismiss the action or any
10 claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v.
11 Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under
12 Rule 41 may be appropriate to advance the public's interest in the expeditious
13 resolution of litigation, the court's need to manage its docket, and to avoid the risk
14 of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir.
15 2010).  Additionally, a court should consider the public policy favoring disposition
16 of cases on their merits and the availability of less drastic alternatives in its
17 evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).
18   In the present action, the Court finds dismissal of the action is appropriate.
19 The Court gave Plaintiff a clear explanation as to the information that the Marshals
20 Service reasonably needed to serve Defendant in this action.  However, Plaintiff
21 failed to respond to the Court's order at all, and has not provided additional
22 information to identify the guard involved in the case.  The Court also has no basis
23 to believe that the Sheriff's Department can properly identify which employee was
24 allegedly involved in this relatively minor incident several years ago.  Moreover,
25 the Court's second order in March 2014 gave the Plaintiff an additional
26 opportunity to explain himself and provide the requested information.  Plaintiff's

failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's clear instruction regarding the action, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b).

Accordingly, for the above reasons, this action is DISMISSED. A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits." However, under the circumstances – Plaintiff's inability to identify his tortfeasor and the fact that no party was ever served with the complaint or required to defend the action – the Court exercises its discretion to dismiss the action without prejudice.

IT IS SO ORDERED.

Dated: April 28, 2015

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE